# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **DAVID RIBEIRO,** ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 09cv11120-NG |
| ) | |
| **JAMES SABA,** ) | |
| Respondent. ) | |

**GERTNER, D.J.**

### MEMORANDUM AND ORDER RE: MOTION TO DISMISS
March 10, 2010

On May 3, 2005, David Ribeiro ("Ribeiro") was convicted after a jury-waived trial of armed robbery while masked, unlawful possession of a firearm, unlawful possession of ammunition, and use of a firearm during the commission of a felony. He was sentenced to a total term of ten to eleven years in prison. He appealed his conviction to the Massachusetts Appeals Court, which affirmed in an unpublished decision. See Commonwealth v. Ribeiro, No. 07-P-1048, 2008 WL 5233474 (Mass. App. Ct. Dec. 17, 2008). The Massachusetts Supreme Judicial Court ("SJC") denied Ribeiro's application for leave to obtain further appellate review ("ALOFAR") on April 1, 2009. See Commonwealth v. Ribeiro, 904 N.E.2d 430 (Mass. 2009) (table). Ribeiro's conviction became final on June 30, 2009, since he failed to petition the U.S. Supreme Court for a writ of certiorari within the 90-day period provided for in Supreme Court Rule 13(1). See Clay v. United States, 537 U.S. 522, 525 (2003) ("For the purpose of starting the clock on [the habeas statute's] one-year limitation period, . . . a judgment of conviction becomes final when the time expires for filing a petition for certiorari . . . .").

Ribeiro filed a petition for a writ of habeas corpus with this Court on July 1, 2009, well within the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1)(A). Respondent filed a motion to dismiss the petition on exhaustion grounds. (Resp't's Mot. to Dismiss,

document #10.) The Court grants respondent's motion in part and denies it in part. For the reasons given below, the Court concludes that certain claims were exhausted and thus may proceed. The Court dismisses Ribeiro's remaining unexhausted claims on their merits.

Ribeiro's petition raises the following four claims:

- The prosecutor violated his federal right to due process by presenting the state grand jury that indicted him with evidence of a prior armed-robbery charge that was later reduced to larceny over $250.[1] (Hereinafter, I will refer to this claim as the "grand-jury claim.")

- An alleged confession that the Commonwealth introduced at Ribeiro's trial was procured in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966).

- He was deprived of his right to effective assistance of counsel when his trial counsel failed to reassert the confession-suppression issue at trial. (Ribeiro's pretrial motion to suppress the alleged confession had been ruled on by a different judge than the one who presided over Ribeiro's trial, and Ribeiro contends that his counsel should have raised his objection to the confession's admissibility with the trial judge after his prior motion had been rejected by the motion judge.)

- His motion for a required finding of not guilty should have been granted since the evidence presented by the prosecution was insufficient to prove his guilt beyond a reasonable doubt. (Hereinafter, I will refer to this claim as the "sufficiency claim.")

Ribeiro's petition also mentions other issues that he claims that his appellate counsel failed to raise before the Massachusetts Appeals Court and the SJC despite his repeated requests that the issues be asserted on his behalf. First, Ribeiro emphatically asserts that he was never "Mirandized" and that the police, state prosecutors, and even his attorneys have colluded to cover up this fact. Second, Ribeiro faults his appellate attorney for not emphasizing the fact that

---

[1] During the grand jury proceedings, the prosecutor introduced a certified copy of the record from a previous Holyoke District Court case showing that Ribeiro had been convicted of possession of a Class B controlled substance with intent to distribute. This information was relevant to the grand jury's decision whether to charge Ribeiro under Mass. Gen. Laws ch. 269, § 10G, which provides for an increased sentence for a defendant convicted of certain firearms offenses after having previously been convicted of a violent crime or serious drug offense. The state-court record, however, also included irrelevant information, such as the armed-robbery charge. The Massachusetts state courts refused to dismiss the indictment against Ribeiro based on the grand jurors' exposure to the armed-robbery charge because the prosecutor's disclosure of the charge was "inadvertent" and likely did not significantly affect the grand jury's decision to return an indictment. See Ribeiro, 2008 WL 5233474, at *1.

the victim described the robber "as being of dark brown skin color and five-foot-six inches tall," while Ribeiro is of "light-brown skin color and stands five-feet-ten inches tall."  (Habeas Petition, "Attached Document to Question 13.0(A)," document #1.)  (Hereinafter, I will refer to these claims as Ribeiro's "supplemental claims" since they are raised in a supplemental document attached to his habeas petition.)

The respondent has moved to dismiss Ribeiro's habeas petition on the grounds that he has not properly exhausted his grand-jury, sufficiency, and supplemental claims.  (Resp't's Mot. to Dismiss, document #10.)  A state prisoner must exhaust available state remedies with respect to each claim for which he seeks habeas relief before a federal court may entertain his petition.  See 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982).  To exhaust a claim, "the petitioner must 'present the federal claim fairly and recognizably' to the state courts, meaning that he 'must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question.'"  Clements v. Maloney, 485 F.3d 158, 162 (1st Cir. 2007) (quoting Casella v. Clemons, 207 F.3d 18, 20 (1st Cir. 2000)).  For Ribeiro to have properly exhausted the claims that he raises in his habeas petition, he must have presented these claims to the SJC within the "four corners" of his ALOFAR.  Mele v. Fitchburg Dist. Court, 850 F.2d 817, 823 (1st Cir. 1988).

The First Circuit has recognized that "exhaustion determinations . . . are by their very nature case-specific" and thus has refused to articulate "a set of mechanistic tests" for courts to employ in analyzing whether a claim has been exhausted.  Nadworny v. Fair, 872 F.2d 1093, 1095, 1097 (1st Cir. 1989).  Nevertheless, the First Circuit has noted that a Massachusetts prisoner may "fairly present" his federal claim to the SJC "by doing any of the following":

> (1) citing a provision of the federal constitution; (2) presenting a federal constitutional claim in a manner that fairly alerts the state court to the federal nature of the claim; (3) citing federal constitutional precedents; or (4) claiming violation of a right specifically protected in the federal constitution.

Clements, 485 F.3d at 162.  In addition, in certain cases, the prisoner may satisfy the exhaustion requirement by asserting a state-law claim in his ALOFAR that is "functionally identical" to the federal claim raised in his habeas petition.  Nadworny, 872 F.2d at 1099-1100.

The Court concludes that, under these standards, Ribeiro has exhausted his grand-jury and sufficiency claims.  The Court recognizes that Ribeiro's discussion of these claims in his ALOFAR relies entirely on Massachusetts case law.  Nevertheless, in both the "questions presented" section of his ALOFAR and in the issue headers of his "argument" section, Ribeiro asserted that both "his state and federal constitutional rights" had been violated.  (Resp't's Supplemental Answer, vol. 1, 272-73, 281, document #12.)  Ribeiro's allegation that his federal constitutional rights had been infringed "fairly altert[ed]" the SJC to the federal nature of his grand-jury and sufficiency claims.  Clements, 485 F.3d at 162; see also Baldwin v. Reese, 541 U.S. 27, 32 (2004) ("A litigant wishing to raise a federal issue can easily indicate the federal law basis for his claim in a state-court petition or brief . . . by simply labeling the claim 'federal.'").

Furthermore, the First Circuit has noted that a state prisoner can satisfy the exhaustion requirement by articulating a state claim that, "as a practical matter, [is] indistinguishable from one arising under federal law."  Nadworny, 872 F.2d at 1099.  And the First Circuit has explicitly held that "the test for reviewing sufficiency of the evidence is essentially identical under [Massachusetts] state law as under the [federal] Constitution."  Id. at 1102; see also Jackson v. Virginia, 443 U.S. 307, 321 (1979) ("[A] state prisoner who alleges that the evidence

in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt has stated a federal constitutional claim."). Thus, even if Ribeiro had presented his sufficiency claim to the SJC without any federal-law trappings, he still would have satisfied the exhaustion requirement with respect to that claim given the substantial overlap between the sufficiency analysis required by state and federal law. Nadworny, 872 F.2d at 1102.

     Ribeiro's supplemental claims, however, are a different matter. (Habeas Petition, "Attached Document to Question 13.0(A)," document #1.) They clearly have not been exhausted since they were not raised in Ribeiro's ALOFAR. Ordinarily, Ribeiro's inclusion of unexhausted claims in his petition would prevent the Court from reaching the merits of his exhausted claims. See Rose v. Lundy, 455 U.S. 509 (1982). The Court, however, sees no reason to dismiss Ribeiro's entire petition in this case on account of the unexhausted claims. The unexhausted claims are obviously meritless. After reviewing the materials included in respondent's supplemental answer (document #12), the Court is certain that Ribeiro cannot prevail on his allegations that the police, the prosecutor, and his attorneys colluded to conceal the fact that he was not read his Miranda rights and that his appellate counsel rendered ineffective assistance simply by failing to emphasize an alleged discrepancy between the victim's description of the robber and Ribeiro's physical characteristics. The Court will thus dismiss with prejudice the claims raised in the eight numbered paragraphs of the supplemental pages attached to Ribeiro's habeas petition and will proceed to the merits of his exhausted claims. Cf. Palmariello v. Superintendent of M.C.I. Norfolk, 873 F.2d 491, 493 n.1 (1st Cir. 1989) ("[I]t is

appropriate for the court of appeals to dispose of nonmeritorious [habeas] petitions without reaching the nonexhaustion issue." (quoting Granberry v. Greer, 481 U.S. 129, 135 n.7 (1987))).

For the foregoing reasons, the Court **GRANTS IN PART AND DENIES IN PART** Respondent's Motion to Dismiss Petition for Writ of Habeas Corpus (**document #10**). The Court **DISMISSES WITH PREJUDICE** the claims raised in the eight numbered paragraphs of the "Attached Document to Question 13.0(A)," which the petitioner included with his habeas petition. Furthermore, the Court orders the petitioner to submit a memorandum of law in support of the claims raised in his habeas petition by April 16, 2010. Respondent shall file a memorandum in opposition to the petition within thirty days of being served with petitioner's memorandum of law.

**SO ORDERED.**

**Date:   March 10, 2010**              */s/ Nancy Gertner*
                                        **NANCY GERTNER, U.S.D.C.**