# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DAVID RIBEIRO,  )  <br>     Petitioner,  ) <br>                             ) <br>     v.                              ) <br>                             ) <br> JAMES SABA, Superintendent of ) <br> N.C.C.I. Gardner,           ) <br>     Respondent.           ) | Civ. Action No. 09cv11120-NG |

GERTNER, D.J.

## MEMORANDUM AND ORDER: RE: HABEAS PETITION
## June 6, 2011

A grand jury indicted David Ribeiro ("Ribeiro") on July 27, 2004, on four charges: armed robbery while masked; unlawful possession of a firearm, having previously been convicted of a serious drug offense; unlawful possession of ammunition, having previously been convicted of a serious drug offense; and possession of a firearm during the commission of a felony. Thereafter, a jury-waived trial was held on May 3, 2005, and Ribeiro was found guilty of all charges. He was sentenced to a total term of ten to eleven years in prison. He appealed his conviction to the Massachusetts Appeals Court, which affirmed in an unpublished decision. See Commonwealth v. Ribeiro, 73 Mass. App. Ct. 1110 (2008). The Massachusetts Supreme Judicial Court also denied Ribeiro's application for leave to obtain further appellate review. See Commonwealth v. Ribeiro, 453 Mass. 1107 (2009). Ribeiro's sentence became final on June 30, 2009, and he did not apply to the Supreme Court for a writ of certiorari.

The Petitioner then brought this habeas petition on July 1, 2009, (document #1), within the one-year statute of limitations, alleging four different claims. However, Petitioner has never filed a memoranda of law in support of his petition. The Respondent then answered the petition

on August 3, 2009 (document #6), and shortly thereafter, on August 7, 2009, filed a motion to dismiss petition as unexhausted (document #10).

In my Memorandum and Order Re: Motion to Dismiss (document #15) on March 10, 2010, I allowed two of the Petitioner's original four claims to go forward because I concluded that they were properly exhausted. The claims that remain are: (1) The prosecutor violated Ribeiro's federal right to due process by presenting the state grand jury that indicted him with evidence of a prior armed-robbery charge that was later reduced to larceny over $250 ("grand-jury claim"); and (2) Ribeiro's motion for a required finding of not guilty should have been granted since the evidence presented by the prosecution was insufficient to prove his guilt beyond a reasonable doubt (the "sufficiency claim"). I ordered the Petitioner to submit a memorandum that explained his two remaining claims.

Significantly, Petitioner did not comply with my order, has not provided expanded reasoning for his habeas claims, and instead moved for an evidentiary hearing (document #21) and later filed a motion to expedite the evidentiary hearing (document #25). After reviewing the materials, I conclude that the petition is without merit. I **DENY** the motion for an evidentiary hearing and dismiss the petition.

**I.    PROCEDURAL HISTORY**

Ribeiro filed a petition for a writ of habeas corpus (document #1) with this Court on July 1, 2009, well within the one-year statute of limitations established by 28 U.S.C. § 2244(d)(1)(A). Respondent then filed an answer (document #6) on August 3, 2009, and four days later, a motion to dismiss the petition on exhaustion grounds (document #10). In my order on March 10, 2010, I

granted respondent's motion in part and denied it in part (document #15).  I dismissed the unexhausted claims and allowed two of the claims, which were properly exhausted, to proceed.

On July 20, 2010, I set a deadline of August 30, 2010, for Ribeiro to file a memorandum of law explaining his two remaining claims.  I indicated that if needed, I would grant Ribeiro an extension for a limited amount of time not exceeding 30 days.  On August 16, 2010, after Ribeiro filed for an extension to file a brief, I set a new deadline of September 30, 2010.  Rather than complying with the court's order, Ribeiro instead filed a brief/motion for an evidentiary hearing on September 27, 2010 (document #21).  Respondent filed an opposition to Ribeiro's brief/motion on October 26, 2010 (document #23).  Ribeiro then moved to expedite the hearing on April 22, 2011 (document #25).

## II.    CLAIMS

### A.    The "Grand Jury Claim"

Ribeiro claims that the prosecutor violated his federal right to due process by presenting to the state grand jury that indicted him evidence of a prior armed-robbery charge that was later reduced to larceny over $250.

In order to sustain his claim of impairment of the integrity of the grand jury proceedings, the defendant bears a heavy burden.  Under the harmless-error standard, the Petitioner must prove that the "violation substantially influenced the grand jury's decision to indict," or that there was 'grave doubt' that the decision to indict was free from the substantial influence of such violations.  United States v. Mechanik, 475 U.S. 66, 78 (1986); see also United States v. Flores-Rivera, 56 F.3d 319, 328 (1st Cir.1995) citing Bank of Nova Scotia v. United States, 487 U.S. 250, 254 (1988).  ("[E]rrors before the grand jury warrant dismissal of an indictment only if such

errors prejudiced the defendant."). All but the most serious errors before the grand jury are rendered harmless by a conviction at trial. See Mechanik, 475 U.S. at 73. "Only a defect so fundamental that it causes the grand jury no longer to be a grand jury, or the indictment no longer to be an indictment, gives rise to the constitutional right not to be tried." Midland Asphalt Corp. v. United States, 489 U.S. 794, 802 (1989).

On this claim, the Massachusetts Appeals Court held that the inclusion of the armed robbery charge made no difference given the overwhelming strength of the other evidence. Ribeiro, 73 Mass. App. Ct. 1110, 1110. The SJC then summarily denied Ribeiro's appeal. See Ribeiro, 453 Mass. 1107, 1107.

In this case, the prosecutor presented a certified copy of a criminal complaint from the Holyoke District Court to the grand jury, a document that showed the Petitioner had been convicted of the offense of possession of a Class B controlled substance with the intent to distribute. The purpose of this document was to prove that the Petitioner was a subsequent offender. However, this complaint also showed that Petitioner had been charged with the offense of armed robbery, a charge that was later reduced to larceny over two hundred fifty dollars. The complaint was not redacted to exclude the armed robbery charge from the grand jury's view. At the grand jury hearing, the prosecutor also questioned a Holyoke Police Department officer, Martin Narey, who had knowledge of Ribeiro's past criminal offenses. Other than the criminal complaint and the officer's testimony, it is unclear from the Massachusetts Appeals Court decision if further evidence was submitted during the grand jury proceedings.

On appeal, the Petitioner asserted that the only reason for the prosecutor to introduce Ribeiro's previous armed robbery charge to the grand jury was to "inflame and prejudice" the grand jury against the defendant. See Pet'r's Habeas Corpus Pet. at 6. While the prosecutor's failure to redact Ribeiro's prior reduced charge is surely troubling, it does not appear to have intended to inflame or prejudice the proceedings. The Massachusetts's Appeals Court finding that the "Commonwealth's inclusion of the armed robbery charge was inadvertent and without intent to deceive the grand jury" and that it made no difference given the overwhelming strength of the other evidence; these are reasonable findings that are not contrary to any clearly established law. Ribeiro, 73 Mass. App. Ct. at 1110. The Petitioner has not proven that the integrity of his grand jury proceedings were impaired. Thus, the Massachusetts Appeals Court was correct in denying Ribeiro's appeal.

Even if this court were to disagree with the Massachusetts Appeals Court's finding that this evidence did not prejudice Ribeiro's grand jury proceedings, I am constrained to reject the petition according to the applicable federal habeas law. In light of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), I have limited authority to review state court's findings of law, and less authority to review findings of fact. Section 2254(d) allows federal habeas relief only where the state courts' decision was 1) "contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States"; or 2) "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1)-(2). The federal court is to presume that the state court's factual findings are correct, unless the petitioner produces

"clear and convincing evidence" to the contrary. 28 U.S.C. § 2254(e)(1). Applying this framework, as I must, I conclude that the Massachusetts Appeals Court did not err.

### B. The "Sufficiency Claim"

Ribeiro next claims that his motion for a required finding of not guilty should have been granted since the evidence presented by the prosecution at trial was insufficient to prove his guilt beyond a reasonable doubt.

When reviewing a motion for a required finding, the court must view the evidence in the light most favorable to the prosecution to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 319 (1979). Upon judicial review, after a defendant has been found guilty, all of the evidence is to be considered in the light most favorable to the prosecution. Id.

At the trial, the Commonwealth presented overwhelming circumstantial evidence including two videotapes of the robbery, testimony from the victim about items worn by the robber including a "do rag" that was found in Ribeiro's pocket, police testimony about Ribeiro's suspicious behavior, and police identification of a gun found near Ribeiro which matched what the victim described as used during the crime. The Massachusetts Appeals Court is correct to have concluded that a rational trier of fact could have found the essential elements of armed robbery to have been met beyond a reasonable doubt during Ribeiro's trial.

And again, this review is necessary framed by the strictures of AEDPA. I cannot conclude that the state decision was contrary to, or involved an unreasonable application of, clearly established federal law.

According, Ribeiro's motion for an evidentiary hearing is **DENIED** and the petition is

**DISMISSED.**

**SO ORDERED.**

**Date: June 6, 2011**         /s/ Nancy Gertner
                               **NANCY GERTNER, U.S.D.J.**